**In re Diego M. MESA, Doris H. Mesa, Debtors.**

**David C. STRUVE, Trustee, Plaintiff.**

**v.**

**Nisar Ahmed KHAN and Malika Nisar, Defendants.**

**Bankruptcy No. 84–01197–BKC–SMW–X. Adv. No. 84–0618–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

April 12, 1985.

---

David C. Struve, Pompano Beach, Fla., for trustee/plaintiff.

William H. Benson, Benson, Large, Stalions & Moyle, Fort Lauderdale, Fla., for trustee/plaintiff.

Thomas L. Rolle, West Palm Beach, Fla., for defendants.

SIDNEY M. WEAVER, Bankruptcy Judge.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS CAUSE came on before the Court on February 6, 1985 on Trustee's Complaint to Recover Fraudulent and/or Preferential Transfers, and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

On October 11, 1983, the defendants bought a beverage store from the debtors for $25,000. Payment was comprised of a $10,000 cash payment and two notes payable, each in the amount of $7,500. One of the notes had a payment due date of May 11, 1984 and the other was payable on November 11, 1984.

On or about May 11, 1984, the debtors approached the defendants to compromise the debt and the defendants paid the debtors $4,000 in complete settlement of both outstanding notes. The debtors subsequently filed a Chapter 7 bankruptcy proceeding on June 28, 1984.

This complaint is brought by the trustee pursuant to 11 U.S.C. § 548, 11 U.S.C. § 544(b) and *Fla.Stat.* § 726.01 (1983), to avoid the transfer.

In his complaint, the trustee asserts that the defendants are "insiders" pursuant to 11 U.S.C. § 101(25). The applicable section provides:

'insider' includes—

(A) if the debtor is an individual—

(i) relative of the debtor or of a general partner of the debtor;

(ii) partnership in which the debtor is a general partner;

(iii) general partner of the debtor; or

(iv) corporation of which the debtor is a director, officer, or person in control.

No testimony or evidence was submitted that would substantiate this allegation and accordingly this Court does not find that the defendants/transferees were "insiders" as contemplated by 11 U.S.C. § 101(25).

The trustee is seeking to avoid this transfer pursuant to 11 U.S.C. § 544(b) and *Fla. Stat.* § 726.01 (1983), as being for the purpose of delaying, hindering or defrauding a creditor.

After a careful review of the testimony and evidence submitted, the Court finds that the debtors were in need of cash and were willing to compromise the $15,000 outstanding debt for an immediate cash payment of $4,000. The record further reflects that there was some controversy between the debtors and defendants as to the actual value of the beverage store and that the debtors approached the defendants with the compromise offer. Further, the debtors' financial statements reflect that the beverage store was originally purchased by the debtor/wife and sold at a loss in October of 1983 in order to invest

the proceeds in the debtor-husband's auto repair shop.

The purpose of § 544 and § 548 avoiding powers is not to prevent a troubled debtor from obtaining needed cash. Although the testimony established that the defendants were aware that the debtor owed a debt to another third party, there was no showing by the trustee that the sale of the beverage shop, for any given sum, was for the purpose of delaying, hindering or defrauding a creditor, or that these third party creditors were entitled to the specific funds generated by this transaction.

It is well established that the transferee obtains protection to the extent of the consideration given by him if he can demonstrate his innocence of any intent to participate in the fraud perpetrated on the transferor's creditors. 4 *Collier on Bankruptcy* § 548.07[3] (15th ed. 1983). After a careful review of the testimony and evidence submitted, the Court finds that the trustee failed to establish that the transferor perpetrated a fraud on his creditors and further finds that the defendants/transferees extended considerable efforts to aid the third party in recovering their debt from the debtors, thereby establishing the defendants' good faith and lack of fraudulent intent.

The trustee is further seeking to avoid this transfer pursuant to 11 U.S.C. § 548. The applicable provisions of this section provide that:

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer occurred or such obligation was incurred, indebted; or

(2) (A) received less than a reasonably equivalent value in exchange for such transfer of obligation; and

(B) (i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

The Court finds that the subject transfer did occur within one year before the date of the filing of the debtors' bankruptcy petition. However, this Court, having previously held that the evidence was insufficient to establish that the transfer at issue was for the purpose of hindering, delaying or defrauding a creditor, likewise finds that the transfer cannot be avoided pursuant to 11 U.S.C. § 548(a)(1).

Turning to 11 U.S.C. § 548(a)(2), the Court finds that the trustee offered no testimony or evidence that would establish the actual value of the beverage store. Absent such evidence, the Court must rely on the bargains as drawn by the participants. The Court need not address the fact that the defendants did not think the business was worth the $25,000 they had originally agreed to pay, as the debtors and the defendants apparently resolved these differences and settled on a different sum. Absent any evidence as to value, the Court will not impose a new "deal" upon the parties.

Additionally, a further requirement of this section is that the debtors were insolvent on the date that such transfer was made, or became insolvent as a result of such transfer. Section 547(f) establishes a presumption of insolvency during the 90 days immediately preceding the date of the filing of the petition, but § 547(f) is specifically limited to preference actions pursuant to 11 U.S.C. § 547. Absent this presumption, the burden falls upon the plaintiff to establish the insolvency of the debtors.

The Court finds that although the defendants/transferees knew that the debtors owed money to a third party, neither this evidence nor any other testimony or evidence tendered to this Court, would rise to a level from which this Court could

conclude that the debtors were insolvent on the date this transfer was made or that the debtors became insolvent as a result of this transfer.

In the case of *Roemelmeyer v. Vidana (In re Vidana)* 19 B.R. 787, 6 CBC 2d 653 (Bankr.S.D.Fla.1982), the Court held:

The trustee has offered no proof that the debtor was insolvent at the time of the transfer, therefore, he must prove that the transfer was made with an actual intent to hinder, delay or defraud creditors. § 548(a)(1). Section 544 which permits reference to state law does not diminish the trustee's burden in this case. *Id.* 19 B.R. at 788.

As in the instant case, the trustee likewise has offered no proof that the debtors were insolvent at the time of the transfer and this Court has previously found no intent to hinder, delay or defraud creditors.

Accordingly, the trustee's efforts to avoid this transfer are denied.